# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PROGRESSIVE HEALTH AND REHAB CORP., an Ohio corporation, individually and as the representative of a class of similarly situated persons,<br><br>        Plaintiffs,<br><br>    v.<br><br>STRATEGY ANESTHESIA, LLC, a Maryland limited liability company, and JOHN DOES 1–5,<br><br>        Defendants. | Case No. 2:16-cv-01151<br><br>Judge Edmund A. Sargus<br><br>Magistrate Judge Kimberly A. Jolson<br><br>**CLASS ACTION** |

## AMENDED STIPULATED PROTECTIVE ORDER

Upon Agreement of the parties, through their respective counsel, that a Stipulated Protective Order ("Protective Order") is desirable, and with the approval of the Court,

IT IS HEREBY AGREED AND ORDERED:

1. **Scope.** From the date of entry of this Protective Order, this order shall govern any information produced or disclosed by any party or any third party to the above-captioned action (the "Litigation").

2. **CONFIDENTIAL and ATTORNEYS' EYES ONLY.** Any party to this action and any third party may designate as (1) CONFIDENTIAL or (2) ATTORNEYS' EYES ONLY the following material: (a) answers to interrogatories or requests for admission; (b) deposition testimony; and (c) documents produced by it or made available for inspection. Materials designated as (1) CONFIDENTIAL or (2) ATTORNEYS' EYES ONLY are hereinafter referred to collectively as "Protected Information."

a. **CONFIDENTIAL MATERIAL.** A party or third party may designate material as CONFIDENTIAL if it makes a good faith determination that the material or information includes or constitutes confidential commercial information of the producing party, including without limitation, a trade secret, proprietary or confidential research, development, or commercial information that the party maintains as confidential, or information which the party is under a duty to maintain in confidence.

b. **ATTORNEYS' EYES ONLY MATERIAL.** A party or third party may designate material as ATTORNEYS' EYES ONLY if it makes a good faith determination that the material or information includes or constitutes confidential or proprietary information of the producing party (or of a third party where the producing party is under a duty to maintain the information in confidence) which, if disclosed to the requesting party, would likely result in serious injury or harm to the producing party's or a third party's business or personal interest.

3. **Designation of Documents.** Documents may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by stamping or otherwise marking each document with the appropriate confidentiality designation and with the identity of the producing party, or by written notice identifying the Bates range of documents to be designated.

4. **Designation of Depositions.** Deposition or other oral testimony given in this case may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by any party or third party either (a) during the deposition or proceeding during which the testimony is given, or (b) by written notice to the court reporter and to all counsel of record, within seven (7) business days after receipt by the designating party of the certified transcript, delivered by the court reporter, of the deposition or proceeding during which the testimony is given. Unless otherwise ordered by the Court, pending the expiration of seven (7) business days after receipt by the

designating party of the certified transcript, all parties and, persons shall treat the testimony as if it has been designated as ATTORNEYS' EYES ONLY. Unless otherwise ordered by the Court, the designating party shall have the right to have all persons, except the witness, his or her counsel, the court reporter, and such other persons authorized to receive the designating party's Protected Information pursuant to this Protective Order excluded from a deposition or proceeding, or any portion thereof, during the taking therein of testimony which has been so designated. The court reporter shall mark the cover of the original and all copies of the transcript or the portion of the transcript containing testimony designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY with the appropriate legend. The parties may alter this designation protocol if agreed to in writing or on the deposition record in advance of the designation.

5. **Belated Designation.** Notwithstanding the provisions to timely designate Protected Information under the foregoing paragraphs 3 and 4 for documents that are produced after the entry of this Protective Order, the inadvertent failure to designate any information as CONFIDENTIAL or ATTORNEYS' EYES ONLY will not be deemed to waive a later claim that such information is Protected Information, and nothing contained herein shall preclude a party or a third party from later changing an initial designation and notifying the other parties in writing of that change; provided, however, that it shall not be deemed a breach of this Protective Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation or non-designation of such information prior to receipt of such notice. A person receiving such written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order.

6. **Access to CONFIDENTIAL Materials.** Materials designated CONFIDENTIAL shall not be disclosed to any person except:

 a. the Court and its officers;

 b. outside counsel for a party (*i.e.*, counsel for a party who is not an employee of the party or any of its affiliates) and employees of such outside counsel who are actively involved in the litigation. In the event that the outside counsel is not counsel of record, such counsel may be furnished Protected Information only after that counsel has executed a copy of the Acknowledgment attached hereto as Exhibit "A";

 c. employees of a party (specifically including but not limited to inside counsel for a party) who have a legitimate need to review the Protected Information;

 d. experts who have a legitimate need to review the Protected Information and have executed a copy of the Acknowledgement attached as Exhibit A;

 e. current or former employees of the disclosing party during the deposition of any such current or former employee, examination of such current or former employee at trial, and preparation for the current or former employee immediately prior to the deposition or trial testimony of the witness;

 f. any witness other than an expert witness during the deposition or trial testimony of such witness, provided that a good faith basis exists that the witness has previously seen the document or information;

 g. court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

h. independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation;

i. any putative class member but only if the information was sent to or is concerning that particular class member; and

j. other persons as ordered by the Court or agreed to in writing or on the record by the parties.

7. **Access to ATTORNEYS' EYES ONLY Materials.** Materials designated as ATTORNEYS' EYES ONLY shall not be disclosed to any persons other than those identified in paragraphs 6.a., b., d., e., f., g., h., and j. In addition, materials designated as ATTORNEYS' EYES ONLY may be disclosed to one specially-designated in-house legal employee of a party and the immediate staff of such employee whose involvement in the Litigation is necessary to the prosecution and/or defense of the Litigation, provided that a copy of the Acknowledgment attached hereto as Exhibit "A" signed by the specially-designated in-house legal employee shall have been served on all other parties no less than ten (10) days prior to such disclosure, and provided further that the producing party has not objected to such disclosure. In the event that the producing party objects to the disclosure, the party seeking disclosure may move for entry of an order from the Court to allow disclosure to the specially-designated in-house legal employee, and to seek a prompt ruling by the Court on same. For purposes of deciding such motion, the producing party shall have the burden of proof that the designation is appropriate, and the party seeking disclosure shall have the burden of proof that disclosure is necessary to the prosecution and/or defense of litigation. Pending a ruling by the Court, no disclosure shall be made to a specially-designated in-house legal employee for whom an objection has been lodged.

8. **Filing Protected Information.** Documents, briefs, transcripts, or memoranda containing materials designated with the CONFIDENTIAL or ATTORNEYS' EYES ONLY legend by a party shall not be filed with the Court unless the party seeking to file the Protected Information first seeks leave of Court to file the Protected Information under seal in compliance with S.D. Ohio Civ. R. 5.2.1.

9. **Conclusion of the Litigation.** Within ninety (90) days after entry of a final judgment or dismissal with prejudice in the Litigation (including appeals or petitions for review) finally disposing of all issues raised in the Litigation, counsel for the parties and all other persons having possession or control of Protected Information thereof shall: (a) destroy or, if requested by the producing party or third-party, return to such party or third party all Protected Information and any copies thereof; or (b) destroy such Protected Information and all copies to the extent it contains or is contained in any notes, summaries, digests, synopses or other document added or generated by Counsel or any other person after production; except that outside counsel shall be permitted to maintain one archival copy of such Protected Information, provided that the terms of this Protective Order continue to apply to such materials. Each party shall give written notice of such destruction to all counsel.

10. **Contested Designations.** To the extent possible, the party or third party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall designate only the portion of the discovery response, transcript, or documents that contains the CONFIDENTIAL or ATTORNEYS' EYES ONLY information, as appropriate. In the event that any party requests that another party or third party specifically designate which portion or portions of information contained in a marked document are ATTORNEYS' EYES ONLY, as opposed to CONFIDENTIAL, or CONFIDENTIAL, as opposed to non-confidential, the party or

third party shall designate the specific contents by either bracketing the CONFIDENTIAL or ATTORNEYS' EYES ONLY portions of the document or testimony, or by otherwise informing the requesting party in writing of the specific designations thereof. The parties shall use reasonable care to avoid designating as CONFIDENTIAL or ATTORNEYS' EYES ONLY any documents or information that has been published or otherwise entered the public domain. A party or third party shall not be obligated to challenge the propriety of designating any Protected Information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the producing party of any information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY may seek appropriate relief from this Court, and must do so promptly upon notification of a dispute that cannot be resolved by agreement. Nothing herein shall relieve the producing party or third party from the burden of proof to make the evidentiary showing required to support the designation. All Protected Information shall remain under the protection of this Order until otherwise ordered by the Court.

11. **Trial Procedures.** Nothing in this Protective Order shall restrict the ability of the parties to present the trial of the Litigation to the trier-of-fact. Upon the request of a party or third party, the Court may implement appropriate procedures to protect Protected Information which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Protective Order.

12. **Modification.** Stipulations may be made between counsel for the respective parties as to the application of this Protective Order to specific situations provided that such

stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Protective Order.

13. **Advice to Clients.** Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying upon his or her examination of CONFIDENTIAL or ATTORNEYS' EYES ONLY information; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the content of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information to anyone not authorized to receive such information.

14. **Interim Effect.** This Protective Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court. For the purpose of proceeding with discovery without delay, any Protected Information produced under the terms of this Protective Order shall be protected by the parties pursuant to these terms pending the Court's approval of this Protective Order.

Entered this 25th day of April, 2017.

Date: April 25, 2017  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

AGREED TO AS TO FORM AND SUBSTANCE, AND ENTRY REQUESTED:

| | |
|---|---|
| ANDERSON + WANCA<br>Ryan M. Kelly<br>Brian J. Wanca<br>3701 Algonquin Road, Suite 500<br>Rolling Meadows, Illinois 60008<br>Telephone: 847-368-1500<br>Facsimile: 847-368-1501<br>rkelly@andersonwanca.com<br>bwanca@andersonwanca.com<br><br>BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP<br>Robert E. DeRose, Ohio Bar #005214, Trial Attorney<br>Molly K. Tefend, Ohio Bar #0093574<br>250 East Broad Street, 10th Floor<br>Columbus, Ohio 43215<br>Telephone: 614-221-4221<br>Facsimile: 614-744-2300<br>bderose@barkanmeizlish.com<br>mtefend@barkanmeizlish.com<br><br>*Attorneys for Plaintiff Progressive Health and Rehab Co.* | DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.<br>Richard P. Hix<br>Destyn D. Stallings<br>Two West Second Street, Suite 700<br>Tulsa, Oklahoma 74103-3117<br>Telephone: 918.591.5293<br>Facsimile: 918.925.5293<br>rhix@dsda.com<br>dstallings@dsda.com<br><br>SQUIRE PATTON BOGGS (US) LLP<br>Aaron T. Brogdon (0081858), Trial Attorney<br>E. Kelly Mihocik (0077745)<br>2000 Huntington Center<br>41 South High Street<br>Columbus, Ohio 43215<br>Telephone: 614.365.2700<br>Facsimile: 614-365-2499<br>aaron.brogdon@squirepb.com<br>kelly.mihocik@squirepb.com<br><br>*Attorneys for Defendant Strategy Anesthesia, LLC* |